**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VINCENT HEATH BOOTHE**, | ) | |
| **Individually and on behalf of a class of** | ) | |
| **similarly situated individuals,** | ) | |
| | ) | **Case No.: 14-00336** |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **CLASS ACTION** |
| | ) | |
| **SELECT PORTFOLIO SERVICING,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Vincent Heath Boothe, (hereafter the "Plaintiff") and as complaint against the above-named Defendant, Select Portfolio Services, Inc., (hereafter the "SPS" or "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 § U.S.C. 1331.

2.      Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PRELIMINARY STATEMENT

3.      This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from

1

attempts to collect a debt without providing the requisite notice of the consumer's right to dispute the debt. Specifically the Defendant's collection letter violates at least 15 U.S.C. § 1692g(a).

## PARTIES

4.      Plaintiff is a natural person and resides in Baldwin County, Alabama.  He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant SPS is a corporation which is, upon information and belief, incorporated under the laws of the state of Utah and has its principal place of business in Salt Lake City, Utah. At all relevant times, SPS was engaged in business within the State of Alabama, including the collection of debts. SPS is regularly engaged in the practice of debt collection.

6.      SPS sends collection letters and places collection calls as a regular part of its business.

7.      The mails and interstate wire communications are used to conduct the business of SPS.

8.      SPS is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9.      On July 21, 2005, Vincent Heath Boothe and Mary Tanner Boothe, executed a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for M & T Mortgage Corporation, its successors and assigns. The mortgage was recorded on July 26, 2005, at Instrument Number 909909, Probate Records of Baldwin County, Alabama, to secure an indebtedness evidenced by a note, payable in installments, therein described.

10.     The mortgage was subsequently assigned to U. S. Bank National Association, as trustee for J. P. MORGAN Mortgage Trust 2006-A1, by assignment dated March 7, 2012, and

recorded in Instrument No. 1330526, Probate Records of Baldwin County, Alabama.

11.     At the time the servicing rights to Plaintiff's mortgage was acquired by SPS their

loan was in default or considered to be in default. In fact, the property subject to the mortgage at

issue was sold at a foreclosure sale on June 26, 2012.

12.     U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2006-

A1, became the purchaser of the property for the sum of $226,441.50 cash.

13.     One or about April 1, 2014, JP Morgan Chase Bank, N.A., transferred the servicing

of the default to Defendant SPS.

14.     On or about April 3, 2014 SPS contacted Plaintiff by the use of Exhibit "A."

15.     Exhibit "A" was sent in in connection with the collection of Plaintiff's mortgage

loan.

16.     Exhibit "A," even though it states on the third page that SPS is  a debt collector and

any information obtained will be used for that purpose, violates the FDCPA, Section 1692g, in at

least the following ways:

     a.  It does not state the amount of the debt;

     b.  The name of the creditor to whom the debt is owed is not disclosed;

     c.   There is no "statement that unless the consumer, within thirty days after receipt

        of the notice, disputes the validity of the debt, or any portion thereof, the debt

        will be assumed to be valid by the debt collector;"

     d.   The letter does contain "a statement that if the consumer notifies the debt

        collector in writing within the thirty-day period that the debt, or any portion

        thereof, is disputed, the debt collector will obtain verification of the debt or a

3

copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;" and

    e.   There is no "statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

17.    The letter dated April 3, 2014 was SPS's initial contact with Plaintiff and Plaintiff received no other communication or written notice within five days that complied with 15 U.S.C. § 1692g.

## COUNT ONE
## (FDCPA VIOLATIONS)

18.    Plaintiff realleges and incorporate all of the preceding paragraphs as if fully set out herein.

19.    This is a claim asserted against SPS for violation of the FDCPA.

20.    SPS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

21.    SPS has violated the FDCPA in connection with its attempts to collect the account from Plaintiff.  SPS's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. § 1692g.

22.    As a result of its violations of the FDCPA, SPS is liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant SPS for the following:

    A.    Statutory damages pursuant to 15 U.S.C. 1692k;

4

B.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C.      Such other and further relief as this Court deems just and proper, the premises considered.

**COUNT TWO**
**(CLASS ACTION ALLEGATIONS)**

22.      Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

23.      Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporate by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

24.      Plaintiff brings this action on behalf of themselves and all members of the class composed of persons who have been subjected to collection activity by SPS that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

25.      The class is specifically defined as follows:

All natural persons in the United States who were sent the letter dated April 3, 2014, exemplified by Exhibit "A," by SPS during a period beginning one year from the filing of this conplaimt through the date if certification of a class herein. Excluded from the Class are: (a) SPS's board members and executive level officers, including its attorneys; (b) all federal judges, their spouses, and persons within the third degree of relationship to them.

26.      The class is so numerous, that joinder of all members is impractical. Plaintiff avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the

5

class, are typical of the class. Plaintiff, in a representative capacity, will fairly and adequately protect the interest of the class.

27.     Each class member has, or has been subjected to the same collection activity in violation of the FDCPA.

28.     Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the Defendant's business records.

29.     Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

> A.     Does the form collection letter sent to Plaintiff and members of the class violate the FDCPA by failing to include the disclosures and information required by 15 U.S.C. §1692g;

> B.     What is the appropriate remedy for SPS's violation of the FDCPA?

30.     Proof of common facts and legal doctrines by the representative, Plaintiffs consumer will determine the claims of each member of the class.

31.     This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

32.     The named representative's claims are typical and representative of the class.

33.     It is and was the practice of SPS to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated prays as follows:

6

a.   That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

b.   That this court award Plaintiff and the members of the class statutory damages as required by the FDCPA.

c.   That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiffs and the Plaintiffs' Classes.

RESPECTFULLY SUBMITTED, this the 21st day of July 2014.

_____
EARL P. UNDERWOOD, JR.  (UNDEE6591)

**OF COUNSEL:**

UNDERWOOD & RIEMER
21 South Section Street
Fairhope, Alabama  36532
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
E-mail: epunderwood@alalaaw.com

**OF COUNSEL:**

GEORGE R. IRVINE, III
STONE, GRANADE & CROSBY, P.C.
8820 Highway 90
Daphne, Alabama 36526
gri@sgclaw.com

7

*Attorneys for Vincent Heath Boothe*

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                         _____
                         EARL P. UNDERWOOD, JR.

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

    SELECT PORTFOLIO SERVICING, INC.
    REGISTERED AGENT:
    NORTHWEST REGISTERED AGENT SVC INC
    4000 EAGLE POINT CORPORATE DR #500
    BIRMINGHAM, AL 35242