IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **VINCENT HEATH BOOTHE,** | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 14-00336-KD-C |
| **SELECT PORTFOLIO SERVICING, INC.,** | ) | |
| Defendant. | ) | |

## **ORDER**

This action is before the Court on the Joint Stipulation of Dismissal with Prejudice (doc. 20).  The stipulation is signed by all parties who have appeared in this action.  Although the parties stipulate to dismissal of this action, they also "request that either party be permitted to reinstate the action within 60 days should the settlement not be consummated." (*Id*.)

On first look, the joint stipulation appears to fall within Rule 41(a) of the Federal Rules of Civil Procedure, which provides for "voluntary dismissal" of an action by "the plaintiff … without a court order by filing …a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).  Generally, dismissal by joint stipulation is effective immediately and the court is without jurisdiction to enter any order after the stipulation is filed.  *See Anago Franchising, Inc. v Shaz, LLC,* 677 F. 3d 1272 (11th Cir. 2012) (clarifying that a stipulation of dismissal signed by all parties who have appeared in the action, is self-executing and dismisses the action upon filing; thus, no court order is necessary to effectuate the dismissal and the court does not have jurisdiction to issue post-dismissal orders).

However, the parties have made a specific request for permission to reinstate should the settlement not be completed. Therefore, the Court construes the Joint Stipulation of Dismissal as

a voluntary dismissal by the plaintiff pursuant to Rule 41(a)(2),[1] which provides for dismissal by court order "on terms the court considers proper". [2]

Accordingly, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the above-styled action is **DISMISSED with prejudice** from the active docket of this Court **subject to the right of either party to reinstate the action within sixty (60) days of the date of this Order** should the settlement agreement not be consummated.

Each party shall bear their own costs, expenses, and attorney fees unless agreed otherwise in the settlement agreement.

**DONE** and **ORDERED** this November 6, 2014.

    s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

[2] In *Anago Franchising*, the circuit court recognized a difference between a joint stipulation of dismissal that contained an agreement between the parties and a joint stipulation of dismissal that made a request of the district court. *Anago*, 677 F. 3d at 1280.  Citing *American Disability Assn. v. Chmielarz,* 289 F. 3d 1315, 1318 (11th Cir. 2002), the circuit court explained that in *Chnielarz,* "the parties filed a stipulation of dismissal and '*requested* the Court to retain jurisdiction to enforce the terms of the Stipulation for Settlement.'" and that "[p]ursuant to that request, the district court entered an order of dismissal which specifically 'approved, adopted and ratified the Stipulation of Voluntary Dismissal with Prejudice, dismissed the case with prejudice, and expressly retained jurisdiction solely for the purpose of enforcing the Settlement Agreement.' . . . Thus, the court issued its order because the stipulation requested it and by its nature required it." *Anago*, 677 F. 3d at 1280 (italics in original) (internal citations and quotations omitted).